UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CORNEL NICOLAE,

        Plaintiff,

-against-

        **MEMORANDUM & ORDER**
        04-CV-3512 (FB)

NEW YORK STATE OFFICE OF
VOCATIONAL AND EDUCATIONAL
SERVICES FOR INDIVIDUALS WITH
DISABILITIES (VESID),

        Defendant.
------------------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For the Defendant: |
|---|---|
| CORNEL NICOLAE, *Pro Se* | CLEMENT J. COLUCCI |
| 144-47 Roosevelt Avenue | Attorney General's Office |
| Apt. 4E | Department of Law |
| Flushing, NY 11354 | 120 Broadway |
| | New York, NY 10271 |

**BLOCK, District Judge:**

        *Pro se* plaintiff, Cornel Nicolae ("Nicolae"), proceeding *in forma pauperis*, brought this action against the New York State Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"); he claims that VESID engaged in employment discrimination on account of his age, disability, national origin, race and religion.[1] *See* Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§

---

[1] Although Nicolae does not expressly claim a violation of Title VII, he alleges discrimination on the basis of his race, color, religion and national origin; therefore, the Court construes the Complaint as asserting a Title VII claim. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they

1

2000e to 2000e-17; Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634; Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112-12117. VESID moves to dismiss the action for lack of subject matter jurisdiction, alleging that (1) it is entitled to Eleventh Amendment immunity with respect to the ADA and ADEA claims,[2] and (2) it is not an employer under Title VII.[3] VESID's motion is granted in part and denied in part.

## I.

Nicolae is a 57-year-old white male of Romanian ancestry and Eastern Orthodox Christian faith. Following a liver-transplant operation, Nicolae was referred to VESID, a New York state agency that is responsible for *funding* job-training services and job placement for disabled individuals. Thereafter, VESID paid for Nicolae to attend at least two vocational training programs. Nicolae contends that Wendy Tsai, a VESID employee, promised him that she would assist him in finding a job.

---

allege civil rights violations.")

[2] The Supreme Court has not yet decided whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998). However, the Second Circuit has apparently ruled that Eleventh Amendment immunity is a matter of subject-matter jurisdiction. *See McGinty v. New York*, 251 F.3d 84, 101 (2d Cir. 2001) ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity.")

[3] VESID contends that because VESID is not an employer under Title VII, Nicolae's Complaint failed to state a claim under Rule 12(b)(6); however, it is more properly characterized as matter of subject matter jurisdiction. *See Scaglione v. Chappaqua Central School Dist.*, 209 F. Supp. 2d 311, 314 (S.D.N.Y. 2002).

In support of his discrimination claims, Nicolae contends that (1) Ann Treston ("Trestin"), another VESID employee, affirmatively responded when he asked whether he was not able to get a job referral because of his age, race, religion, or national origin; (2) Trestin treated him disrespectfully, yelling, "I'll give you a job. Five dollars an hour"; and (3) Trestin failed to forward a recommendation to an employment agency, and as a result, he lost a job opportunity.

## II.

### 1. Eleventh Amendment Immunity

The Eleventh Amendment generally bars federal jurisdiction over a suit brought against a state.[4] *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). This bar "extends not only to a state, but also to entities considered 'arms of the state.'" *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001). VESID, as a New York state agency, is thus entitled to any immunity provided under the Eleventh Amendment. *See Wasser v. New York State Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 2003 WL 22284576, at *9 (E.D.N.Y. Sept. 30, 2003) ("VESID . . . is . . . immune from suit under the Eleventh Amendment.").

There are only two exceptions to Eleventh Amendment immunity: (1) "a State may waive its sovereign immunity by consenting to suit"; and (2) "Congress may authorize

---

[4] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3

such a suit in the exercise of its power to enforce the Fourteenth Amendment--an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *Id.* at 670. In regard to the first exception, New York has not waived its immunity. *See generally McGinty v. New York*, 251 F.3d 84 (2d Cir. 2001). In regard to the second exception, although Congress had authorized suits against states under both the ADA and ADEA, the Supreme Court held that this authorization was not a valid exercise of its power. *See Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (ADA); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 67 (2000) (ADEA). However, the Supreme Court has held that Congress's abrogation of Eleventh Amendment immunity with respect to Title VII suits is a valid exercise of its power. *See Coger v. Connecticut*, 309 F. Supp. 2d 274, 282 (D. Conn. 2004) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452 (1976)). Thus, Nicolae's ADA and ADEA claims are dismissed.

## 2. Title VII

Title VII applies to employers and employment agencies.[5] *See* 42 U.S.C. § 2000e-2(a)-(b). Therefore, for this Court to have subject matter jurisdiction, VESID must fall within the meaning of one of these terms with respect to Nicolae. *See Scaglione v. Chappaqua Central School Dist.*, 209 F. Supp. 2d 311, 314 (S.D.N.Y. 2002). Nicolae bears the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

---

[5] Title VII also applies to labor organizations, *see* 42 U.S.C. 2000e-2(c); however, it cannot be disputed that VESID does not qualify as a labor organization.

4

VESID correctly argues that it cannot fall within the meaning of an employer with respect to Nicolae. To be considered an employer, the Second Circuit has held that a direct remunerative relationship must exist between the two parties. *See York v. Ass'n of the Bar*, 286 F.3d 122, 125-26 (2d Cir. 2002). No such remunerative relationship existed between Nicolae and VESID. It is undisputed that Nicolae received neither a salary nor any benefits from VESID; VESID simply paid for Nicolae to attend vocational training.

VESID, however, does not address whether it falls within the meaning of an employment agency. An "employment agency" is defined as "any person regularly undertaking, with or without compensation, to procure employees for a covered employer and includes an agent of such a person." 42 U.S.C. 2000e(c). Nicolae asserts that VESID not only funded his attendance in vocational-training programs, but also promised him that it would assist him in finding employment. Because VESID offers nothing to contest this assertion, Nicolae has met his burden in showing that VESID falls within the meaning of an employment agency. *See Alvarado v. Manhattan Worker Career Ctr.*, 2002 WL 31760208, at *1 (S.D.N.Y. Dec. 10, 2002) (Agency that "provides its clients with a range of services, which include workshops on employment preparation, case management, direct job placement assistance, and access to a variety of job placement resources" qualifies as an "employment agency.").

## CONCLUSION

Accordingly, VESID's motion to dismiss Nicolae's ADA and ADEA claims is granted for lack of subject matter jurisdiction. Whereas, ordinarily, the Court would allow a plaintiff an opportunity to amend his Complaint, *see Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here where it is clear that the Court lacks jurisdiction. VESID's motion to dismiss Nicolae's Title VII claim, however, is denied.

**SO ORDERED.**

Dated: May 26, 2005
      Brooklyn, New York

                                      FREDERIC BLOCK
                                      United States District Judge